Frank C. Dell'Amore, Esq.
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
Telephone: (516) 393-8289
*Attorneys for Rossrock Fund II LP*

Hearing Date and
time: August 24, 2010 at 11:00 a.m.
Responses due: August 17, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

COMMACK INVESTOR GROUP INC

Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 10-43760-ess

## NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that on August 24, 2010 at 11:00 a.m., Rossrock Fund II LP ("**Rossrock**"), will move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3585, Brooklyn New York 11201, or as soon thereafter as counsel can be heard for an Order pursuant to §§362 (d)(1) and 362 (d)(3) of the United States Bankruptcy Code and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure for relief from the automatic stay to permit the Rossrock to pursue its rights under applicable state law with respect to the Property (as defined in the Motion), and for such other and further relief as this court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** Objections to Rossrock's application shall be filed as through the Bankruptcy Court's electronic filing system (in accordance with General Order 476), which may be accessed through the Internet at the Bankruptcy Court's website, www.nyeb.uscourts.gov. A hard copy of the objection, marked "Chamber's Copy" and addressed to the attention of the Chambers of the Honorable Elizabeth S. Stong shall be filed with the

Clerk, and a hard copy shall be served upon the Rossrock's counsel, Frank C. Dell'Amore, Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the Debtor at 82-84 Lafayette Avenue, Brooklyn, New York 11217; the attorney for the Debtor, Wilmer Hill Grier, Esq., 823 Jefferson Avenue, Brooklyn, New York 11242 and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on August 17, 2010.

Dated: Garden City, New York
       August 4, 2010

                        JASPAN SCHLESINGER LLP

                By: _____
                     Frank C. Dell'Amore
                     300 Garden City Plaza
                     Garden City, New York 11530
                     (516) 393-8289- telephone
                     (516) 393-8282 - facsimile

Frank C. Dell'Amore, Esq.
Jaspan Schlesinger LLP
300 Garden City Plaza
Garden City, New York 11530
Telephone: (516) 393-8289
*Attorneys for Rossrock Fund II LP*

Hearing Date and
time: August 24, 2010 at 11:00 a.m.
Responses due: August 17, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

COMMACK INVESTOR GROUP INC

        Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 10-43760-ess

## AFFIRMATION IN SUPPORT OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

TO:   THE UNITED STATES BANKRUPTCY COURT
       EASTERN DISTRICT OF NEW YORK

Rossrock Fund II LP ("**Rossrock**"), by its attorneys, Jaspan Schlesinger LLP, moving this Court pursuant to 11 U.S.C. §362(d)(1) and (3) for an Order granting relief from the automatic stay (the "**Motion**"), together with such other and further relief as this Court deems just and proper, respectfully sets forth and represents the following under the penalty of perjury:.

### BACKGROUND

1.     On April 28, 2010 ("**Petition Date**"), debtor Commack Investor Group Inc. (the "**Debtor**"), filed a petition for relief under chapter 11 of the United States Bankruptcy Code ("**Code**").

2.     Rossrock is a secured creditor of the Debtor and brings this Motion for relief from the automatic stay pursuant to Code §362(d)(1) and (3).

3. This Court has jurisdiction over this matter under 28 U.S.C. §§157(b)(2)(A) and (G) and 1334. This is a core proceeding.

4. If the instant motion to lift stay is granted, Rossrock agrees to come back to this Court if this case is still pending before entering a deficiency judgment against the Debtor in the State Court.

5. On or about July 18, 2003, the Debtor executed a certain Mortgage Note in favor of Astoria Federal Savings and Loan Association ("**Original Lender**"), evidencing a loan from Original Lender to the Debtor in the total principal sum of $830,000.00 (collectively, the "**Note**"). The Note provides for the payment of interest, late charges, attorneys fees, costs, and certain other amounts, as specified in the Note. A copy of the Note is attached as **Exhibit A**.

6. The obligations evidenced by the Note are secured by a lien on certain real property located at 82-84 Lafayette Avenue, Brooklyn, New York, together with improvements thereon, and personal property owned by Debtor (collectively, the "**Property**"). The lien is evidenced by that certain Mortgage, dated as of July 18, 2003 and executed by the Debtor in favor of Original Lender (the "**Mortgage**"). The Mortgage was recorded with the register's office in Kings County, New York. A copy of the Mortgage is annexed hereto as **Exhibit B**.

7. In or about March 2007, the Original Lender executed an Assignment of Mortgage to Rossrock. However the original of such Assignment was lost and, as a result, on November 5, 2008, the Original Lender executed another Assignment of Mortgage in favor Rossrock (the "Assignment"), which Assignment was recorded in King's County under CRFN 2008000472940. A copy of the recorded Assignment is annexed hereto as **Exhibit C**.

8. As a result of the Debtor defaulting under the Note and Mortgage, Rossrock commenced an action to foreclose the Mortgage by filing the Summons and Verified Complaint with the Clerk of the Court for the County of Kings on June 7, 2007 under Index No. 20381/07.

9. On November 16, 2010, the Honorable Allen Hurkin-Torres issued a Judgment of Foreclosure and Sale which permits Rossrock proceed with an auction sale of the Property. A copy of the Judgment of Foreclosure and Sale is annexed hereto as Exhibit D.

10. On the eve of the scheduled foreclosure sale of the Property, the Debtor filed this action seeking relief under Chapter 11 of the Bankruptcy Code.

11. Rossrock has filed a proof of claim with respect to the Note and Mortgage in the amount of $1,294,941.74.

## THE AUTOMATIC STAY SHOULD BE MODIFIED TO PERMIT ROSSROCK TO EXERCISE ITS STATE LAW REMEDIES

### 11 U.S.C.A. § 362(d)(3)

12. Section 362(d)(3) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order of relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later-
>
> (A) the debtor has filed a plan of reorganization that has a possibility of being confirmed within a reasonable time; or
>
> (B) the debtor has commenced monthly payments that-

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate

13. "Single asset real estate" is defined as:

real property constituting a single property or project, other than a residential real property with fewer than 4 residnetial units, which generates substantially all of the gross income of a debtor who is not a family famer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C.A. § 101(51B)

14. There can be no doubt that the Property constitutes the Debtor's only asset and all of the income generated by the Debtor comes from the Property.

15. The Debtor is not a family farmer and does not conduct any business on the Property other than the business of operating same.

16. As such, the Property constitutes "single asset real estate" and 11 U.S.C. §362(d)(3) is applicable.

17. This bankruptcy petition was filed on April 28, 2010 and the date that was 90 days thereafter was July 28, 2010.

18. To date, the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.

19. In addition, the Debtor has not made any post-petition payments to Rossrock[1], as evidenced by the Relief From Stay – Real Estate and Cooperative Apartments declaration, sworn to by James Ross, a Partner of Rossrock, on August 2, 2010 (the "Declaration"). The Declaration is annexed hereto as Exhibit E.

20. If a single asset real estate debtor does not comply with the requirements of Section 362(d)(3), "the court *must* grant the secured creditor's motion for relief from the stay." In re R.J. Dooley Realty, Inc., 2010 Bankr. LEXIS 1761 *10 (Bankr. S.D.N.Y 2010) (emphasis added); *see also* In re Crown Ohio Invs., LLC, 52 Bankr. Ct. Dec. 272 (Bankr. E.D.N.Y. 2010)

21. Thus, Rossrock is entitled to an Order terminating the automatic stay pursuant to the express language of 11 U.S.C.A. § 362(d)(3).

## 11 U.S.C.A. § 362(d)(1)

22. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

23. Cause exists to vacate the automatic stay pursuant to 11 U.S.C. §362(d)(1) because Rossrock lacks adequate protection in the Property.

24. Under §362(d)(1), the Court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest ..." "(Cause) is intentionally broad and flexible concept which must be determined on a case by case basis." In re Merchant, 256 B.R. 572 (Bankr. W.D. Pa. 2000). Courts have held that cause may exist when

---

[1] It should be noted that the undersigned has reached out to the Debtor's counsel on numerous occasions in an effort to enter into a cash collateral agreement; however, all such efforts have been rebuffed or simply ignored.

granting relief from the stay will not substantially prejudice the debtor or other creditors and the relative hardship suffered by the creditor seeking stay relief outweighs that of the debtor. See In re Harris, 85 B.R. 858, 860 (Bankr. D. Colo. 1988).

25. The indebtedness owed to Rossrock is increasing on a monthly basis, and the Debtor is refusing to use the income generated from the Property to reduce such indebtedness.

26. In addition, a review of the City of New York website indicates that the Debtor is delinquent with property taxes, water charges and other miscellaneous fees due and owing. Annexed hereto as Exhibits F are printouts from the website which indicate that $73,529.51 is currently due and owing for, among other items, property taxes and $1,282.17 is currently due and owing for water charges.

27. By not paying property taxes and water charges, the Debtor has subjected the Property to additional liens which may become superior to the first mortgage lien held by Rossrock.

28. Thus, Rossrock is entitled to an Order terminating the automatic stay pursuant to the express language of 11 U.S.C.A. § 362(d)(1).

## NOTICE

29. Notice of this Motion has been provided to (i) the Debtor; (ii) the Debtor's counsel; and (iii) the Office of the U.S. Trustee. Rossrock submits that such notice is adequate and proper. The Debtor has indicated that there are no unsecured creditors of its estate and has not filed an affidavit pursuant to Bankruptcy Rule 1007(d) and, thus, such notice complies with Bankruptcy Rule 4001.

## WAIVER OF MEMORANDUM OF LAW

30. As there are no novel issues raised by this Motion, and because the relevant

authorities in support of the relief requested are cited in the Motion, Rossrock respectfully requests a waiver of the filing of memorandum of law.

WHEREFORE, Rossrock respectfully prays this Court make and enter an Order that terminates the automatic stay in order to enable Rossrock to continue its foreclosure action and permit the eviction of the tenants thereafter, and for such other, further and different relief as this Court deems just and proper.

Dated: Garden City, New York
       August 4, 2010

                        JASPAN SCHLESINGER LLP

By: _____
Frank C. Dell'Amore
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 393-8217- telephone
(516) 393-8289 – facsimile

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                      Chapter 11

COMMACK INVESTOR GROUP INC.                                 Case No.: 10-43760-ess

                                    Debtor.
------------------------------------------------------------x

### ORDER GRANTING MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY

**WHEREAS**, by Notice of Motion dated August 4, 2010, Rossrock Fund II LP ("**Rossrock**"), by its attorneys, Jaspan Schlesinger LLP, moved this Court for an order granting it relief from the automatic stay pursuant to Sections 362(d)(1) and 362(d)(3) of the United States Bankruptcy Code (the "Motion"); and

**WHEREAS**, after a hearing and due deliberation having been had on August 24, 2010, the Court is of the opinion that the relief prayed for in the motion should be granted; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby modified to permit the Rossrock to pursue all of its rights under applicable state law with respect to the Property (as defined in the Motion).

Dated: _____, 2010
       Brooklyn, New York

                                                _____
                                                Honorable Elizabeth S. Stong
                                                United States Bankruptcy Judge

FCD/D717398v1/M055721/C0149070