UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re                                                                    Case No. 10-43760 (ESS)

  COMMACK INVESTOR GROUP, INC.,
                                                         Chapter 11

                     Debtor.
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THIS CHAPTER 11 CASE OR, IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7**

TRACY HOPE DAVIS
UNITED STATES TRUSTEE FOR REGION 2
271 Cadman Plaza East, Room 4529
Brooklyn, New York 11201
Tel. No. (718) 422-4960
Fax No. (718) 422-4990

1

**TO: THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE**

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of her motion for an order, pursuant to 11 U.S.C. § 1112(b), dismissing or converting this chapter 11 case to a case under chapter 7(the "Motion"). In support of the Motion, the United States Trustee represents and alleges as follows:

## I. INTRODUCTION

Commack Investor Group, Inc., (the "Debtor"), was the owner of a multi-family building located at 82-84 Lafayette Avenue, Brooklyn, New York (the "Property"). Cause exists pursuant to 11 U.S.C. § 1112(b) to dismiss this case or convert it to a case under chapter 7 because there has been continuing losses or diminution to the estate and there is the absence of a reasonable likelihood of rehabilitation under 11 U.S.C. § 1112(b)(4)(A). The Debtor was unable to make post-petition payments due to Rossrock Fund II, LLP (the "Secured Creditor"). The Secured Creditor has obtained relief from the automatic stay and has proceeded with foreclosure, which precludes the Debtor from reorganizing. In addition, the Debtor has failed to filing monthly operating reports for the period from September 2010 through December 201. The United States Trustee recommends dismissal of this case rather than conversion because the Debtor has no remaining assets and no general unsecured creditors.

## II. STATEMENT OF FACTS

1. On April 28, 2010, (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of the Bankruptcy Code. According to the schedules filed in this case, the Debtor was the owner of the real property located at 82-84 Lafayette Avenue, Brooklyn, New York (the "Property"). *See* ECF Doc. No. 12.

2. The United States Trustee has not appointed a Trustee or Official Committee of Unsecured Creditors in this case.

3. The Debtor has continued in the possession and management of its business pursuant to 11 U.S.C. § § 1107 and 1108.

4. By Order dated September 29, 2011, Wilmer Hill Grier was retained as Debtor's counsel. *See* ECF No. 29.

5. The Debtor valued the Property at $1.3 million on Schedule A. The Property was the Debtor's only asset, and the rents generated therefrom were the Debtor's only source of income. *See* ECF No. 12, Schedules A and B; Local Rule 1007 Affidavit. Monthly rental income totaled approximately $12,000. *See* ECF No. 12, Schedule G. The Property was encumbered by a mortgage held by the Secured Creditor in the amount of $1,275,162. *See* ECF No. 12.

6. By Order dated August 25, 2010, the Court granted the Secured Creditor relief from the automatic stay to foreclose on the Property that became effective 30 days after its entry. *See* ECF No. 25.

7. Upon information and belief, the Secured Creditor proceeded with

foreclosure and conducted a sale of the Property.

8. The Debtor has failed to file the monthly operating reports for the period from September 2010 through December 2010. *See* Docket.

### III. ARGUMENT

**A. Cause Exists Under 11 U.S.C. § 1112(b)(4) to Dismiss This Chapter 11 Case.**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court *shall* convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."[1] 11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) lists provides fifteen examples of cause, including

(A) substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and

\*\*\*

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

11 U.S.C. § 1112(b)(4) (A) and (F).

The list of factors is non-exclusive. *In re The 1031 Tax Group, LLC,* 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). *See also In re State Street Assoc., L.P.,* 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case, that amended 1112(b) contains

---

[1] *See also* 11 U.S.C. § 307 (providing that United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under Title 11).

4

non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. *See In re TCR of Denver, LLC,* 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *1031 Tax Group,* 374 B.R. at 93; *cf. In re C-TC 9th Ave. P'ship,* 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy Court may dismiss Chapter 11 filing on motion or *sua sponte* upon a finding that the filing was in "bad faith" even without consideration of factors set out in section 1112(b)).

### 1. The Debtor Has Sustained Losses to the Estate and Lacks a Reasonable Likelihood of Rehabilitation.

In the instant case, cause exists to convert this case to Chapter 7, or alternatively to dismiss it pursuant to 11 U.S.C. § 1112(b)(4)(A) because the Debtor has sustained "a substantial or continuing loss or diminution of the estate" and lacks "a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). This requires a showing that there has been a significant and continuing loss, with no realistic prospect of rehabilitation. *In re AdBrite Corp.*, 290 B.R. 209, 214 - 215 (Bankr. S.D.N.Y. 2003). Here, the estate suffered continuing losses and diminution in value because the Debtor's rental income was insufficient to make post-petition payments due under the mortgage to the Secured Creditor. *See* ECF Nos. 15, 17, 21 and 28.

In addition, the Secured Creditor obtained relief from the automatic stay and proceeded with its foreclosure against the Property. *See* ECF No. 25. Because the rents

generated from the Property were the Debtor's only source of income, the lifting of the automatic stay and loss of the Property through foreclosure precludes any reasonable likelihood that a feasible plan can be proposed in this case. Cause, therefore, exists under 1112(b)(4)(A) to dismiss or convert this case.

### 2. The Debtor Has Failed to File Timely Operating Reports

The Debtor has failed to file monthly operating reports for the period September 2010 through December 2010. The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." *In re Berryhill,* 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); *see also In re Roma Group, Inc.,* 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing *In re Berryhill*); *In re Tornheim,* 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtor's failure to file reports for ten months warranted conversion or dismissal). The Debtor's failure to file monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case. Accordingly, cause exists under 11 U.S.C. §1112(b)(4)(F) to dismiss this case or convert the case to chapter 7.

**B. Dismissal Is In the Best Interests of Creditor and the Estate**

Unless the Court specifically finds special circumstances, the case *shall* be converted or dismissed. 11 U.S.C. §1112(b)(1). To maintain a case in chapter 11, the debtor or another party in interest must establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time. 11 U.S.C. §1112(b)(2). *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 561 (Bankr.M.D.Pa. 2007). In this case, the Debtor's only asset was the Property which was lost in foreclosure. *See* ECf No. 12, Schedules A and B. Since there is no viable business to reorganize, the Debtor lacks the ability to confirm a plan. Unless the Debtor presents evidence of unusual circumstances, the Court should dismiss this case rather than convert it to a case under chapter 7 because the Debtor has no remaining assets and no general unsecured creditors. Conversion of the case to chapter 7 would provide no benefit to the estate.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the United States Trustee respectfully requests that the Court enter an order granting this motion and dismissing this chapter 11 case, or in the alternative, converting the case to chapter 7, and granting such other and further relief as is just and proper.

Dated: Brooklyn, New York
      February 14, 2011

                                Respectfully submitted,

                                TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE

                                By: <u>*/s/ Marylou Martin*</u>
                                    Marylou Martin
                                Trial Attorney
                                271 Cadman Plaza East
                                Room 4529
                                Brooklyn, New York 11201
                                Tel. No. (718) 422-4960
                                Fax. No. (718) 422-4990